O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

GARDELL COWART,

             Petitioner,

      v.

STU SHERMAN,

             Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 15-0006 DSF (JCG)

**ORDER SUMMARILY DISMISSING
ACTION WITHOUT PREJUDICE
AND DENYING CERTIFICATE OF
APPEALABILITY**

On January 2, 2015, petitioner Gardell Cowart ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"). [Dkt. No. 1.]  Notably, it is his *third* federal petition challenging his 2009 state court conviction for assault and battery.  What's more, Petitioner filed the Petition even after the Ninth Circuit denied his request for a certificate of appealability.  Accordingly, and for the reasons discussed below, the Court finds that the Petition is an unauthorized "second or successive" petition, and summarily dismisses this action without prejudice for lack of jurisdiction.  *See* 28 U.S.C. 2244(b).

By way of background, Petitioner first challenged his conviction in 2010 on the grounds of insufficiency of evidence and ineffectiveness of trial counsel.  [*See* C.D. Cal. Case No. CV 10-7177 DSF (JCG), Dkt. No. 1.]  That petition was denied.  [*See*

1  *id.*, Dkt. Nos. 29, 31, 32.]

2  In 2013, Petitioner filed a second petition challenging the same conviction.  [*See*
3  C.D. Cal. Case No. CV 13-9051 DSF (JCG), Dkt. No. 1.]  This Court dismissed that
4  action for lack of jurisdiction, on the grounds that Petitioner had not obtained
5  authorization to file a "second or successive" petition.  [*See id.*, Dkt. No. 5, at 4.]  At
6  that time, the Court explained that "it was incumbent on Petitioner under [28 U.S.C.]
7  § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing this Court to
8  consider the instant Petition prior to its filing."  [*Id.*]

9  In June 2014, Petitioner filed an application with the Ninth Circuit requesting
10  permission to file a "second or successive" petition.  [*See* Ninth Cir. Case
11  No. 14-71796, Dkt. No. 1.]  Therein, Petitioner claimed, for the first time, that he was
12  actually innocent of the crimes for which he was convicted.  [*See id.*, Dkt. No. 1 at 4
13  (citing *Schlup v. Delo*, 513 U.S. 298 (1995)).]  On August 22, 2014, the Ninth Circuit
14  denied Petitioner's application.  [*See id.*, Dkt. No. 4.]

15  Unfazed by rejection, Petitioner filed the instant Petition, in which he *again*
16  challenges the same conviction and *again* asserts his "actual innocence."  (Pet. at 5
17  (citing *Schlup*, 513 U.S. 298).)  Now, however, Petitioner "only" claims to be actually
18  innocent of the jury's finding that he inflicted "great bodily injury" on the victim, *i.e.*,
19  Petitioner limits his challenge to the sentencing enhancement he received under Cal.
20  Penal Code § 12022.7(a).  (*See* Pet. at 2, 5.)

21  Even if this Court were to credit Petitioner's distinction – which it does
22  not – there is no dispute that Petitioner has *again* failed to obtain the Ninth Circuit's
23  authorization to file a "second or successive" petition.  *See* 28 U.S.C. 2244(b).
24  Accordingly, the Court must dismiss this *third* action for lack of jurisdiction.  *See id.*

25  Additionally, for the reasons stated above, the Court finds that Petitioner has not
26  shown that reasonable jurists would find it debatable whether this Court was correct in
27  its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  The Court
28  thus declines to issue a certificate of appealability.

For the foregoing reasons, **IT IS ORDERED THAT** this action be **SUMMARILY DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS FURTHER ORDERED THAT** a Certificate of Appealability be **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  01/13/15

HON. DALE S. FISCHER
UNITED STATES DISTRICT JUDGE